UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RAMEL THOMPSON,

                      Plaintiff,

    -against-

C.O. SNORTLAND, C.O. GILMARTIN,
C.O. PAPKA, and C.O. MAHAMADEO,

                      Defendants.
---------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-4743 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On August 26, 2019, Plaintiff Ramel Thompson, currently incarcerated at Great Meadow Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 ("§ 1983"). The Court grants Plaintiff's request to proceed *in forma pauperis*, and directs Plaintiff to file an amended complaint within forty-five (45) days from the date of this Memorandum and Order, as set forth below.

## BACKGROUND

Plaintiff alleges that, on May 28, 2019, while incarcerated at the Nassau County Correctional Center ("NCCC"), Defendant C.O. Snortland,[1] a correctional officer at NCCC, "unlocked all inmate cell doors," knowing "the danger this presents to those inmates who choose to remain in their cell[, given that] . . . many of the inmates on the block are there for extremely violent crimes." (Compl., Dkt. 1, at 6.) Plaintiff alleges that C.O. Snortland's actions enabled an inmate to enter Plaintiff's cell and attack him. (*Id.* at 6–7.) Plaintiff further alleges that he

---

[1] This Defendant is also identified in the complaint as "Snorkland." (*See* Complaint ("Compl."), Dkt. 1, at 7.)

sustained "severe lacerations" to his right leg, but when he sought help, neither C.O. Snortland nor any other correctional officer were "on watch" to assist Plaintiff. (*Id.* at 7.) After waiting about twenty minutes, "Defendant [C.O.] Pepka[2] and other C.O.'s came to the assistance of the Plaintiff and shortly thereafter Plaintiff was transported to Nassau County University Medical Center where Plaintiff was treated for Plaintiff's wounds." (*Id.*) Plaintiff seeks $300,000 in compensatory damages and the costs related to future medical and physical therapy treatments. (*Id.* at 3.)

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Because *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, the Court reads a plaintiff's *pro se* complaint liberally, interpreting it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the Court "remain[s] obligated to construe a *pro se* complaint liberally").

---

[2] This Defendant is also identified in the complaint as "Papka." (*See* Compl., Dkt. 1, at 1, 3.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). Similarly, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if any of the same grounds apply. 28 U.S.C. § 1915(e)(2)(B). Courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting

*Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). Furthermore, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Here, Plaintiff fails to make any allegations against Defendants C.O.s Gilmartin and Mahamadeo. Plaintiff also fails to allege any facts to suggest that Defendant C.O. Papka had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights. Rather, Plaintiff only makes allegations against C.O. Snortland, namely, that Snortland unlocked all of inmates' cell doors, knowing that this action could result in harm to some inmates, and that Plaintiff, in fact, was harmed as a consequence. Because a § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law as to that defendant, *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997); *see also Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order), Plaintiff's claims against Defendants C.O.s Gilmartin, Mahamadeo, and Papka cannot stand, as currently pleaded, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), but his claim against Defendant C.O. Snortland is sufficiently pled.

## CONCLUSION

For the reasons stated, the complaint shall proceed as to Defendant C.O. Snortland, but is dismissed as to Defendants C.O.s Gilmartin, Mahamadeo, and Papka, for failure to state a claim

pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). However, in light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint to allege, if applicable, the personal involvement of Defendants C.O.s Gilmartin, Mahamadeo, and Papka in the events that occurred on May 28, 2019 at Nassau County Correctional Center.

If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 2:19-CV-4743 (PKC) (LB), and must be filed within **forty-five (45) days** from the entry of this Memorandum and Order. Plaintiff must provide facts to support a claim against each defendant named in the amended complaint, including the date and location of the events at issue, a description of what each defendant did or failed to do, and the relief requested.

The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All of the allegations with regard to Defendant C.O. Snortland should be included in the amended complaint. No summons shall issue at this time and all further proceedings shall be stayed for 45 days or until Plaintiff files an amended complaint, whichever is earlier. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

If Plaintiff does not file an amended complaint within the time allowed, the complaint will only proceed as to Defendant C.O. Snortland. The Court notes that, at this time, it is not ordering the Clerk of Court to prepare a summons against Defendant C.O. Snortland, nor ordering the United States Marshals Service to serve the Summons and Complaint. This is to conserve the Court's resources. The Court shall direct both of those tasks following the deadline for Plaintiff to file an amended complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

PAMELA K. CHEN
United States District Judge

Dated: October 10, 2019
 Brooklyn, New York