UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
RAMEL THOMPSON,

                Plaintiff,

       - against -

C.O. SNORTLAND,

              Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-4743 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Ramel Thompson filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while incarcerated at Great Meadow Correctional Facility.  (Dkt. 1.)  Plaintiff alleged that several corrections officers violated his civil rights by failing to protect him during an incident when numerous incarcerated people were released from their cells.  (*Id.*)  Defendant has moved to dismiss for failure to prosecute.  (Dkt. 32.)  For the reasons explained below, the motion is granted, and this case is dismissed for failure to prosecute and to comply with court orders.

## BACKGROUND

      Plaintiff filed this case on August 26, 2019.  (Dkt. 1.)  On October 10, 2019, the Court dismissed certain defendants without prejudice and granted Plaintiff leave to amend.  (Dkt. 8.)  After being granted an extension, Plaintiff filed an amended complaint on February 28, 2020.  (Dkt. 12.)  On June 2, 2020, the Court again dismissed certain parties, but allowed the case to proceed against Defendant Snortland.  (Dkt. 16.)  At the time, service by the Marshals Service was briefly suspended due to the COIVD-19 pandemic, so the Court directed the Marshals to serve Defendant as soon as practicable.  (*Id.*)  On January 8, 2021, Plaintiff filed a letter notifying the Court that he had been released from custody.  (Dkt. 19.)  The Court reissued the summons on

Defendant Snortland with Plaintiff's new address.  (Dkt. 20.)  On February 2, 2021, Defendant

answered.  (Dkt. 22.)

On June 8, 2021, the Honorable Lois Bloom, U.S.M.J., held an initial conference, but

Plaintiff failed to appear.  (Dkt. 26.)  Judge Bloom scheduled another conference and warned

Plaintiff that, "[i]f plaintiff fails to appear at the next conference without requesting an

adjournment in advance, I shall recommend that this case should be dismissed." (*Id.*)  Judge

Bloom held a second hearing on July 21, 2021, and learned that Plaintiff had not received notice

of the June 8, 2021 hearing because he had moved and failed to update his contact information on

the docket.  (Dkt. 27.)  Judge Bloom advised Plaintiff that "if he changes his contact information

in the future, it is his responsibility to notify the Court of his new address or his case will be

dismissed." (*Id.*)  On August 18, 2021, Judge Bloom set discovery deadlines.  (Dkt. 28.)

On February 18, 2022, Defendant moved to dismiss for failure to prosecute.  (Dkt. 32.)  In

his letter motion, Defendant stated that Plaintiff had failed to appear for a scheduled deposition

and failed to respond to document requests.  (*Id.*)  On February 22, 2022, the Court issued the

following order:

> On or before March 22, 2022, Plaintiff, who is proceeding *pro se*, is ordered to
> respond to Defendant's February 18, 2022 letter and show cause -- by filing a letter
> with the Court -- why this case should not be dismissed for failure to prosecute, and
> explain why he did not appear for his deposition.  If Plaintiff fails to comply with
> this order, his case may be dismissed for failure to prosecute.  Plaintiff is further
> reminded that he has an ongoing duty to update the Court if his mailing address has
> changed, or changes at any juncture.  By February 25, 2022, Defendant is ordered
> to serve a copy of this Docket Order on Plaintiff -- both by mail and email -- and
> post proof of service on the docket.  If Defendant receives any indication whether
> his mail or email was received, or not, by Plaintiff, Defendant shall promptly update
> the Court.

(02/22/2022 Docket Order.)  Defendant served Plaintiff by mail and email.  (Dkt. 33.)  A copy of

the order mailed by this Court was returned as undeliverable (Dkt. 36), but Defendant did not

report receipt of any indication that Plaintiff did or did not receive the Order from Defendant.

Plaintiff did not respond to the February 22, 2022 Order to Show Cause by March 22, 2022.

Accordingly, on April 7, 2022, the Court issued the following order:

> [T]he Court gives Plaintiff ***one last chance*** to explain why this case should not be dismissed for failure to prosecute. On or before April 14, 2022, Plaintiff is ordered to respond to Defendant's February 18, 2022 letter and show cause -- by filing a letter with the Court -- why this case should not be dismissed for failure to prosecute, and explain why he did not appear for his deposition. If Plaintiff fails to respond by that date, this case ***shall*** be dismissed for failure to prosecute. On or before April 11, 2022, Defendant is ordered to serve a copy of this Docket Order on Plaintiff -- both by mail and email -- and post proof of service on the docket. If Defendant receives any indication whether Defendant's mail or email was received, or not, by Plaintiff, Defendant shall promptly update the Court.

(04/07/2022 Docket Order.) Defendant served Plaintiff by mail and email. (Dkt. 37.)

On April 18, 2022, Defendant filed a letter consistent with this Court's order to update the

Court if he received any indication as to whether Plaintiff received copies of the Court's Orders.

(Dkt. 38.) Defense counsel informed the Court that:

> Plaintiff, Ramel Thompson, left a voicemail message today requesting a call back. When I spoke with Mr. Thompson this afternoon he inquired about the status of his case. I informed him that we have been sending letters and forwarding copies of Court Orders to him by mail and email, but that the postal mail had been returned. Mr. Thompson asked whether we have his new address to which I responded that mail was being addressed to the Lawrence Street, Uniondale address that he had provided during a phone conversation several months ago. Apparently Mr. Thompson is no longer at that address but had not updated this office or the Court. His current address is 344 Kirkman Avenue, Elmont, New York 11003.

> Mr. Thompson confirmed that his email remains the same; and there is every reason to believe that he has been receiving the emailed Orders and communications.

(*Id.*)

On April 18, 2022, the Court issued the following order:

> In light of Defendant's [Dkt. 38] letter, the Clerk of Court is respectfully directed to update Plaintiff's address to 344 Kirkman Avenue, Elmont, New York 11003, and to mail a copy of this Order, the 04/07/2022 Docket Order, the 02/22/2022 Docket Order, and the [Dkt. 32] letter motion to dismiss to Plaintiff at this new address. The date for Plaintiff to respond to Defendant's February 18, 2022 letter and show cause -- by filing a letter with the Court -- why this case should not be dismissed for failure to prosecute, and explain why he did not appear for his

3

deposition, is extended to ***April 28, 2022***.  If Plaintiff does not respond by that date, this case ***will*** be dismissed for failure to prosecute.  Plaintiff is reminded that he has an ongoing duty to keep the Court informed of any change of address.

(04/18/2022 Docker Order.)  The Court mailed all of the documents to Plaintiff.  That mail was returned as undeliverable (Dkt. 39), so the Court re-sent all of those documents to Plaintiff.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 41(b) gives district courts the power to dismiss a case if the plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).  Although the Rule refers only to motions to dismiss, under Second Circuit precedent, courts may dismiss pursuant to Rule 41(b) *sua sponte*.  *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

Dismissal under Rule 41(b) is "the harshest of sanctions" and should be "proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks omitted).  Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Id.* (internal quotation marks omitted).  At the same time, dismissal under Rule 41(b) is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  "The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently."  *Id.*

Accordingly, the Second Circuit requires district courts considering a Rule 41(b) dismissal to weigh five factors:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a

4

balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216.  "No one factor is dispositive," and the determination is based on the "record as a whole."  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).  "[W]hile district courts are not required to discuss the factors on the record," courts should generally explain their reasoning or risk being overturned on appeal.  *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998) (internal quotation marks and ellipsis omitted); *see also Baptiste*, 768 F.3d at 217–18.  "Furthermore, notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court."  *Spencer*, 139 F.3d at 113.

## DISCUSSION

In this case, all of the factors that a court should consider before dismissing pursuant to Rule 41(b) support dismissal both for failure to prosecute and for failing to comply with court orders.  First, Plaintiff has failed to reply to the Court's order to show cause why the case should not be dismissed for failure to prosecute, and to explain why he failed to appear for his deposition, for nearly three months, despite the Court issuing two additional orders to show cause over that period of time.  Furthermore, Judge Bloom ordered Plaintiff to notify the Court of any change in address nearly ten months ago, and Plaintiff appears to have violated that order at least once since then.  Second, Plaintiff was notified that failure to update his address would result in his case being dismissed.  (07/21/2021 Docket Order.)  Plaintiff was also informed that failure to show cause why his case should not be dismissed, and explain why he did not appear at his deposition, would result in dismissal of his case three different times, and never responded.  (02/22/2022 Docket Order; 04/07/2022 Docket Order; 04/18/2022 Docket Order.)

Third, further delay in the proceedings will prejudice Defendant.  Defense counsel has been prepared to depose Plaintiff since at least February 22, 2022, and is still waiting for document

productions from Plaintiff.  The longer Defendant must wait, the more defense counsel will need to duplicate their efforts in preparing for the deposition and otherwise defending this case.  Fourth, in addition to the Court's general interest in managing its docket, in this case, the Court has been forced to hold extra hearings and issue several orders because of Plaintiff's failure to update his address and respond to orders.  "A court should not have to beg the parties before it to litigate the cases they initiate."  *McLean v. City of New York*, No. 04-CV-8353 (SAS), 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007).  Plaintiff's delay in responding to this Court's repeated orders also undermines the idea that Plaintiff has a strong interest in being heard in this case.  Notably, Plaintiff filed this case while incarcerated, about an incident that occurred while incarcerated, has since been released, and has not been diligently prosecuting his case since.  Fifth, the Court has considered less dramatic sanctions than dismissal, but given Plaintiff's failure to even respond to this Court's repeated orders to show cause, the Court does not believe that any sanction would result in Plaintiff adequately prosecuting his case.  The only logical sanction under these circumstances is dismissal.

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss for lack of prosecution (Dkt. 32) is granted.[1]  This case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

---

[1] Given the Court's ruling on this motion, the motion for a pre-motion conference on a contemplated motion for summary judgment (Dkt. 34) is terminated as moot.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 19, 2022
        Brooklyn, New York